IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL P. BANNAN | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| CITY OF PHILADELPHIA et al., | : | NO. 11-cv-04680 |
| Defendants. | : | |

MEMORANDUM ORDER

AND NOW, this 9th day of February, 2012, upon consideration of Defendant's Motion for Partial Summary Judgment (Doc. No. 11), as well as Plaintiff's response in opposition thereto (Doc. No. 12), it is hereby ORDERED that said Motion (Doc. No. 11) is DENIED.

I.   Factual Background and Procedural History[1]

This matter concerns an altercation between Plaintiff Michael P. Bannan ("Plaintiff" or "Bannan") and Defendant Police Officer Hasheem Basil ("Defendant" or "Basil") at a Walmart in the early morning hours of "Black Friday." At approximately 1:30 AM on November 26, 2010, Bannan arrived at Walmart to go shopping with his wife, daughter, and a friend. Walmart had set-up a "cattle chute" fencing system at the front of the store to deal with the expected Black Friday shopping crowds. Bannan and his group walked through the cattle chute but could not find a shopping cart in the store entrance, so Bannan left the store to get one.

---

[1] Because this matter comes before us on Defendant's motion for partial summary judgment, we set forth the undisputed facts drawing all justifiable inferences in favor of Plaintiff Michael P. Bannan, the non-movant. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986) (remarking that "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor" in resolving motions for summary judgment).

Bannan found a cart, and instead of walking through the long, winding cattle chute, Bannan tried to lift the cart over the barrier separating the entrance from the exit at the front of the store.  Basil and another police officer, Officer Margaret Donnelly, told Bannan to leave, and Basil grabbed Bannan by the arm and escorted him away from the entrance.  In their respective depositions, both Basil and Donnelly stated that they believed Bannan was intoxicated.  Bannan disputes that characterization, but admits he drank two (2) beers before leaving his house to go on this shopping excursion.

After the officers told him to leave, Bannan went to his car and waited for about ten (10) minutes.  He then decided to head back into the store to go shopping with his family.  This time, Bannan followed store procedure and walked through the cattle chute to the store entrance.  When Bannan reached the top of the cattle chute, Basil said something to the effect of "What, are you f-ing stupid?", grabbed Bannan's arms, and immediately moved Bannan away from the entrance area.  According to Bannan, Basil did not try to stop him through verbal commands before grabbing his arms.  Additionally, and importantly, the parties dispute whether Bannan resisted Basil as Basil tried to get him to leave the store.  Bannan claims he neither resisted physically nor threatened Basil or anyone else.  To the contrary, Basil claims Bannan objected to being moved and stiffened-up, resisting Basil's efforts to lead him away from the store.

In any event, as Basil was shepherding Bannan away from the store entrance, Basil pushed Bannan in the back, causing Bannan to fall to the ground.  After he fell, Bannan requested an ambulance and was taken to the hospital.

Bannan subsequently brought this 42 U.S.C. § 1983 suit, asserting excessive force and false arrest in violation of the Fourth Amendment, as well as supplemental state law claims.

Bannan initially sued the City of Philadelphia as well as Officer Basil, but the parties later stipulated to the voluntary dismissal of all counts against the City.  (Doc. No. 10).  Defendant Basil now moves for partial summary judgment on Bannan's excessive force claim, essentially arguing that one shove is not excessive as a matter of law.  For the reasons below, we deny Basil's motion.

II.     Legal Analysis

Under Federal Rule of Civil Procedure 56(a), we must "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Specifically, summary judgment is appropriate where "the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof."  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff."  Anderson, 477 U.S. at 252.  As discussed in detail below, the parties in this matter *do* have a genuine dispute over a fact material to Bannan's excessive force claim, namely, whether Bannan resisted Basil.  If we believe Bannan's version of events, which we must at this stage of the proceedings, Basil pushed him to the ground from behind for no good reason.  A reasonable jury could find this use of force to be excessive under the circumstances, which precludes summary judgment on Bannan's excessive force claim.

Where, as here, an excessive force claim arises in the context of a stop or arrest of a free citizen, we analyze the situation under a Fourth Amendment rubric.  Graham v. Connor, 490 U.S. 386, 394 (1989).  Whether the challenged conduct constitutes excessive force under the Fourth

Amendment depends on the objective reasonableness of the conduct, taking into consideration the following factors:  the severity of the crime at issue; whether the suspect poses an immediate threat to the safety of the officer or others; whether he is actively resisting arrest or attempting to evade arrest by flight; the duration of the officer's action; whether the action takes place in the context of effecting an arrest; the possibility that the suspect may be armed; and the number of persons with whom the police officers must contend at one time.  Couden v. Duffy, 446 F.3d 483, 496-97 (3d Cir. 2006) (citing Graham, 490 U.S. at 396, and Sharrar v. Felsing, 128 F.3d 810, 822 (3d Cir.1997), for the aforementioned factors).  Given the fact intensive nature of the inquiry, reasonableness "should frequently remain a question for the jury."  Kopec v. Tate, 361 F.3d 772, 777 (3d Cir. 2004) (citation omitted).

Defendant correctly points out that "[n]ot every push or shove. . .violates the Fourth Amendment."  Graham, 490 U.S. at 396 (citation omitted).  However, not every push or shove is permissible, either.  See Saucier v. Katz, 533 U.S. 194, 209 (2001) (declaring that "[p]ushes and shoves, like other police conduct, must be judged under the Fourth Amendment standard of reasonableness.").  Here, nearly all of the Graham and Sharrar excessive force factors favor Bannan if we take Bannan's factual account as true and draw all reasonable inferences in his favor.  Unlike the circumstances envisioned by the Graham Court when it noted that not every push or shove violates the Constitution, Officer Basil was not "forced to make [a] split-second judgment—in circumstances that are tense, uncertain, and rapidly evolving—about the amount of force that [was] necessary" to escort Bannan from the Walmart.  See Graham, 490 U.S. at 397.

Applying the excessive force factors to the matter at hand, the severity of the crime at issue (disorderly conduct, and perhaps public drunkenness) is relatively minor.  Bannan did not

pose an immediate threat to the safety of anyone. According to Bannan, he did not resist when Basil tried to move him away from the Walmart entrance. At their respective depositions, neither Basil nor Donnelly testified that he or she believed Bannan to be armed and/or dangerous. Finally, this was far from a riot situation. At the time he shoved Bannan, Basil was dealing with Bannan alone. In sum, Bannan presented Basil with a relatively innocuous annoyance. See Couden, 446 F.3d at 497 (noting that "most of these factors—including the potential threat posed by the suspect, whether the suspect was resisting arrest, armed, or attempting to flee, and the ratio of officers to suspects—clearly suggested the use of a low level of force."); Kopec, 361 F.3d at 777 (reversing summary judgment for defendant on excessive force claim because officer "faced rather benign circumstances" and "was not. . .in the midst of a dangerous situation involving a serious crime or armed criminals.").

As mentioned *supra*, the parties dispute whether Bannan resisted Basil when Basil attempted to escort Bannan away from the store. Basil says Bannan resisted, while Bannan says he did not. We have reviewed the surveillance video of the incident and find it inconclusive on the resistance issue. Of course, if Bannan resisted, Basil's shove seems much more reasonable. Compare Thomas v. City of Erie, 236 Fed. App'x 772, 776-77 (3d Cir. 2007) (affirming summary judgment for defendant on excessive force claim in large part because plaintiff admitted he resisted when the police tried to arrest him) with McDowell v. Sheerer, 374 Fed. App'x 288, 292-93 (3d Cir. 2010) (reversing summary judgment for defendants on Eighth Amendment excessive force claim because the court was "unable to determine from the videos whether [plaintiff] is resisting the officers or to determine the amount of force used on him."). In light of this genuine issue of material fact, we cannot grant summary judgment.

Defendant also argues that qualified immunity shields him from Bannan's excessive force claim. We disagree for the reasons discussed below.

We analyze two issues when evaluating a qualified immunity question: (1) whether the facts that a plaintiff has alleged or shown make out a violation of a constitutional right, and (2) whether the right at issue was "clearly established" at the time of defendant's alleged misconduct. Pearson v. Callahan, 555 U.S. 223, 232 (2009). In conducting our analysis, we have "discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." Id. at 236.

In Hope v. Pelzer, 536 U.S. 730, 741 (2002), the Supreme Court declared that "officials can still be on notice that their conduct violates established law even in novel factual circumstances." Following the Supreme Court's lead, the Third Circuit "has adopted a broad view of what constitutes an established right of which a reasonable person would have known." Kopec v. Tate, 361 F.3d 772, 778 (3d Cir. 2004). Specifically, to be "clearly established" "merely means that in light of preexisting law, the unlawfulness of the official's conduct was reasonably and objectively apparent." McGreevy v. Stroup, 413 F.3d 359, 366 (3d Cir. 2005).

More specifically, in the context of excessive force claims, the Third Circuit applies the Graham and Sharrar factors to evaluate whether rights are clearly established. Green v. N.J. State Police, 246 Fed. App'x 158, 162-63 (3d Cir. 2007). As discussed *supra*, a reasonable jury could conclude that Officer Basil used excessive force if the jury finds Bannan's story persuasive, i.e., that Basil pushed him down even though Bannan did not resist in any way. Of course, the ultimate truthfulness of Bannan's allegations is for a jury to determine; we cannot decide the issue on summary judgment. Also, we believe that a reasonable officer would know, based on

6

the well-established <u>Graham</u> and <u>Sharrar</u> factors, that it would be excessive to shove a non-resisting, non-threatening, non-armed man in the back hard enough that he falls to the ground, merely to move him away from a Walmart entrance and arrest him for disorderly conduct.  This is particularly true if the officer did not first verbally warn the individual not to enter the store, as Bannan contends here.  Stated differently, the right not to be pushed in the back by a police officer for no legitimate reason is clearly established, even if no precedent addresses these precise factual circumstances.  Therefore, we cannot conclude as a matter of law that Officer Basil enjoys qualified immunity in this case.

III.     <u>Conclusion</u>

        For the aforementioned reasons, Defendant's motion for partial summary judgment (Doc. No. 11) is DENIED.

BY THE COURT:

/s/ Legrome D. Davis

Legrome D. Davis, J.